# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

SHARLYN McALISTER, *et al.,*  )
                              )
               Plaintiffs, )
                              )
v.                            )   Case No. 08-1344-WEB
                              )
CONQUEST CHEROKEE, LLC,       )
                              )
               Defendant.  )
_____)

## MEMORANDUM AND ORDER

Before the Court is Plaintiffs' Motion to Amend Complaint and supporting memorandum (Docs. 13, 14), filed on February 2, 2009.  Defendants did not file a response, and the time for any response has expired.  *See* D. Kan. Rule 6.1(d)(1) (responses to non-dispositive motions are to be filed within 14 days).

## BACKGROUND

Plaintiffs filed their Complaint (Doc. 1) on November 5, 2008, seeking a declaratory judgment and bringing claims for breach of contract and breach of implied covenant relating to an oil and gas lease.  Defendant filed its Answer, which included a counterclaim, on November 28, 2008.  (Doc. 2.)  The counterclaim seeks a declaratory judgment regarding Defendant's rights under the lease.  (Doc. 2, at 6-7.)  Plaintiffs filed their Answer to the counterclaim on December 12, 2008.  (Doc. 5.)

Defendant subsequently filed a Partial Motion to Dismiss and/or Motion for Judgment on the Pleadings and supporting memorandum. (Docs. 7, 8.) In that motion, Defendant requests that the District Court dismiss Plaintiff's "failure to develop claim," dismiss Plaintiff's request for a judicial declaration that the lease cannot be maintained or extended without a "visible sign of development of leased substances," and limit the potential recovery of Plaintiffs' surface damage claim to $500.00 per acre of damaged land pursuant to the terms of the lease. The motion remains pending before the District Court.

The Court entered a partial Scheduling Order on January 22, 2009. (Doc. 11.) Among other deadlines, the Court ordered that all motions to amend the pleadings were to be filed by February 2, 2009. (Doc. 11, at 5.) Plaintiffs filed the current motion on that date, seeking to add an alternative to their damage claims as well as certain additional factual allegations. (*See generally* Docs. 13-2, 14.)

## DISCUSSION

Fed. R. Civ. P. 15(a) provides that leave to amend shall be freely given when justice so requires. In the absence of any apparent or declared reason, such as undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment, leave to amend should, as the rules require, be freely given. **Foman v.**

*Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962); *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

Further, "[i]f a respondent fails to file a response within the time required by Rule 6.1(d), the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice." D.Kan. Rule 7.4.  As stated previously, Defendants have not filed a response to Plaintiffs' motion and the time to do so has expired.  Plaintiffs' motion is unopposed, timely, and facially valid.  The Court, therefore, GRANTS Plaintiffs' Motion to Amend Complaint.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Amend Complaint is GRANTED.  Plaintiffs shall file their Amended Complaint in the form attached to their motion and memorandum (Doc. 13-2) no later than **ten (10)** days from the date of this Order.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas on this 11th day of March, 2009.

  s/ DONALD W. BOSTWICK
DONALD W. BOSTWICK
United States Magistrate Judge